IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOHN L. MOORE, JR.                                                    PLAINTIFF

v.                                         CIVIL ACTION NO. 2:11-CV-00215-GHD-JMV

CHASE HOME FINANCE, LLC                                               DEFENDANT

MEMORANDUM OPINION GRANTING MOTION TO DISMISS

Presently before the Court is Defendant Chase Home Finance, LLC's motion to dismiss

[3] brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After due

consideration, the Court finds the motion should be granted for the reasons set forth herein.

*A. Factual and Procedural Background*

Plaintiff John L. Moore, Jr. ("Plaintiff") filed an earlier lawsuit in the Circuit Court of

Coahoma County to quiet title on his property in Clarksdale, Mississippi (the "subject property")

and for a temporary restraining order to prevent foreclosure of the subject property prior to the

resolution of the quiet title action. That lawsuit was then removed to this Court (Civil Action

No. 2:10-CV-10-D-S) and was dismissed when the parties entered into a settlement agreement.

That settlement agreement is the subject of this lawsuit, which was also commenced in Coahoma

County and then removed to this Court.

Plaintiff brings this action against Chase Home Finance, LLC ("Chase") asserting breach

of contract and negligence for Chase's alleged failure to abide by the terms of the settlement

agreement. Plaintiff avers that by the terms of the settlement agreement, Chase discharged and

forever released Plaintiff from any liability under the mortgage on the subject property, and

accepted a special warranty deed conveying title to the subject property. Plaintiff alleges that

1

Chase breached the settlement agreement by failing to report the correct status of the mortgage loan to the credit bureaus and by instead reporting the mortgage as a delinquent debt.

Chase has moved to dismiss this action, contending that Plaintiff has failed to allege sufficient facts to state either a breach of contract claim or negligence claim and Plaintiff's state-law claims are preempted by federal law. Plaintiff has not filed a response to the motion to dismiss. The matter is now ripe for review.

### B. Legal Standards

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). In reviewing a Rule 12(b)(6) motion to dismiss, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Because in considering the motion to dismiss the Court has reviewed the parties' attached matters outside the pleadings which the Court shall not exclude,

the motion shall be considered a motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548. The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

## C. Discussion

Chase contends in its motion to dismiss that (1) Plaintiff has failed to state a claim for breach of contract and negligence, and (2) Plaintiff's state-law claims are preempted by federal law. The Court will address the preemption argument first.

3

*1. Preemption of Plaintiff's Claims*

Chase argues that Plaintiff's state law claims are preempted by the Fair Credit Reporting Act (the "FCRA"), because the claims relate to Chase's obligations as a "furnisher" of information, pursuant to 15 U.S.C. § 1681t(b)(1)(F). The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045; *see* 84 Stat. 1128, 15 U.S.C. § 1681. "The banking system is dependent upon fair and accurate reporting." 15 U.S.C. § 1681(a)(1). Although the FCRA's focus appears to be regulation of consumer reporting agencies, the FCRA imposes duties on others, including furnishers of information to consumer reporting agencies. *See* 15 U.S.C. § 1681 *et seq.* In this case, Chase was a furnisher of information to the consumer reporting agencies.

This Court notes that the Fifth Circuit recently stated: "Federal preemption is an affirmative defense that a defendant must plead and prove." *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012) (citing *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987) ("Federal pre-emption is ordinarily a federal defense to the plaintiff's suit.") (other citations omitted)). And "[u]nless the complaint itself establishes the applicability of a federal-preemption defense—in which case the issue may properly be the subject of a Rule 12(b)(6) motion—a defendant should ordinarily raise preemption in a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment." *Id.* (internal citation omitted).

The Court finds that the preemption defense does not apply in this instance, regardless. 15 U.S.C. § 1681t provides in pertinent part as follows:

> No requirement or prohibition may be imposed under the laws of any State—

(1) with respect to any subject matter regulated under—

> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F).

However, the FCRA also provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of . . . negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report <u>except as to false information furnished with malice or willful intent to injure such consumer</u>.

15 U.S.C. § 1681h(e) (emphasis added). The Fifth Circuit has stated: "The FCRA preempts state law . . . negligent reporting claims <u>unless the plaintiff consumer proves 'malice or willful intent to injure' him</u>." *Young*, 294 F.3d at 638 (citing 15 U.S.C. § 1681h(e) (emphasis added)); *see also Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460 (5th Cir. 2006) (referencing "the 'malice' exception to preemption under section 1681h(e)").

Plaintiff alleges in the case *sub judice* that "the actions of Chase were intentionally malicious[,] because even after being provided with the [s]ettlement [a]greement, Chase continued to breach the [s]ettlement [a]greement" by falsely reporting the mortgage loan as a delinquent debt to the credit bureaus. In Plaintiff's complaint, he has set out the details of his alleged injury based on the continued reporting. Thus, Plaintiff's negligence claim is not preempted under the FCRA. Plaintiff's breach of contract claim is also not preempted under the FCRA, as it is inherently a state claim in character, dependent upon the interpretation of the

contract at issue. Finding Plaintiff's state law claims not preempted by the FCRA, the Court now turns its attention to the viability of the claims.

### 2. Viability of Plaintiff's Claims

Plaintiff alleges breach of contract and negligence. Plaintiff avers that Chase breached the settlement agreement by continuing to list and treat the mortgage on the subject property as an open obligation of Plaintiff rather than one which was fully and finally discharged. Plaintiff further avers that Chase has erroneously reported the mortgage as an open and delinquent obligation of Plaintiff to the credit bureaus Experian, Trans Union, and Equifax. Plaintiff alleges that he and his attorney have repeatedly contacted Chase on numerous occasions to bring the settlement agreement and erroneous reporting to the attention of Chase, but that Chase has ignored these attempts and has continued to intentionally breach the settlement agreement.

Plaintiff additionally alleges that Chase was negligent and specifically that (a) Chase had a duty to Plaintiff to abide by the terms of the settlement agreement including releasing and forever discharging Plaintiff from any further obligations under the mortgage loan on the property; (b) Chase breached its duty to Plaintiff by failing to properly report the status of the mortgage loan to the credit bureaus and by continuing to treat the subject property as still owned by Plaintiff; (c) Chase's actions were intentional and the direct and proximate cause of Plaintiff's damages; and (d) as a result of Chase's actions, Plaintiff has been denied credit on repeated occasions, incurred legal fees and damages from loss of preferable interest rates, and suffered emotional distress.

Chase argues that Plaintiff has failed to state a plausible claim against Chase for breach of contract and negligence by alleging that Chase has breached the terms of the settlement agreement by reporting the loan to the credit bureaus, because the terms of the settlement

agreement contained no provisions regarding credit reporting and the agreement constituted the parties' full agreement. Chase further argues that Plaintiff has failed to state a claim for negligence, as Plaintiff fails to show a failure to properly perform a duty assumed under the contract's terms.

Having reviewed the parties' positions, the Court finds the following. Plaintiff asserts a theory that Chase's erroneous reporting to the credit bureaus constituted a failure to release and forever discharge Plaintiff from the mortgage loan. Plaintiff does not state a claim for relief under state law given the terms of the release and settlement agreement. Chase agreed under the terms of the agreement to accept a special warranty deed in full satisfaction of Plaintiff's remaining obligations under the mortgage loan, with the understanding that the subject property was vacant, and in exchange, to "further release[ ] Plaintiff from any further liability under the [m]ortgage [l]oan." Release & Settlement Agt. [3-5] § 2.1. The parties agreed under the terms to "cooperate fully to execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent" of the agreement. *See id.* § 8.0. However, no provision of the agreement creates a duty with respect to reporting to the credit bureaus. If anything, the terms of the agreement eviscerate the possibility of such a duty. The agreement provides that Plaintiff agreed to forever release, acquit, and discharge Chase "from any and all claims, demands and causes of action, obligations or liabilities, in tort or in contract, . . . that Plaintiff has or may have against [Chase] for any damages, including . . . emotional distress, . . . loss of credit, denial of credit, damage to Plaintiff's credit report, financial injury and/or any and all other damages of whatever nature or kind, or any other claims whatsoever relating to, or involving the Mortgage Loan or the Subject Property . . . ." *Id.* § 1.1. By these terms, Plaintiff agreed to release Chase from any liability

7

with respect to credit reporting, including denial of credit, financial injury, and emotional distress.

Plaintiff points to a letter Chase sent to Plaintiff approximately one year after the agreement was fully executed as evidence of Chase's breach of the agreement. However, the letter merely requests confirmation as to whether the subject property was vacant; the letter does not contain a demand for payment of any kind from Plaintiff. The letter appears to be a form letter that Chase sends both to those who owe a debt to Chase and those whose debt has been discharged. *See* Letter [3-7] at 7. The Court finds the letter is not indicative that Chase breached the agreement. For all the foregoing reasons, the Court finds that no genuine dispute of material fact exists, and thus that Plaintiff's claims are properly dismissed.

*D. Conclusion*

In sum, the Court finds that Defendant's Rule 12(b)(6) motion to dismiss [3] shall be GRANTED; Plaintiff's claims shall be DISMISSED WITHOUT PREJUDICE.

A separate order in accordance with this opinion shall issue this day.

It is SO ORDERED, this, the _____ of August, 2012.

_____
SENIOR JUDGE